## N. Y. COMMON PLEAS.

### WM. H. PAYNE agt. EDWARD TRACEY and others.

Where there is conflicting testimony upon a question of fact as to the alleged *breach of warranty* on the sale of an article of personal property, the finding of the court below upon that point cannot be reviewed on appeal.

APPEAL by defendants from a judgment against them, rendered at special term.

D. McMAHON *and* W. A. BEACH, *for appellant.*
IRA D. WARREN, *for respondent.*

LARREMORE, J.—The main ground of error assigned for the reversal of the judgment in this action is, that the breach of warranty was incontrovertibly established by the evidence, whereby the defendants were legally authorized to rescind the contract.

Assuming for the purpose of the argument, that the warranty was given and accepted as the basis of the sale, I think, a careful examination of the testimony will show that the breach of such warranty is, by no means, an undisputed fact in the case.

The defendant, Russell swears, that the sirup was represented to be " as good as any made and sold," in which statement he is corroborated by the witness, Harris, who also swears, that the article offered for sale was said to be 40° Beaume.

This was the extent of the guaranty, according to the defendant's own showing. Nothing appears to have been

said about the keeping quality of the sirup, nor is it shown, that at the time of its delivery, it was inferior to the representations made.

Davis, a witness for the plaintiff swore, that he tested it, and found it 40° Beaumed, and that it was as good as any in the market when he sold it. He sold sirup from the same cargo to other parties who used it without complaint. From the fact, that it fermented in a short time after delivery, defendant claimed and offered proof to show, that it was improperly manufactured, and thereby rendered unfit for use. The plaintiff produced some evidence to controvert this.

Clearly then, there was conflicting testimony upon a question of fact as to the alleged breach of warranty, and the finding of the court below upon this point, cannot be reviewed on appeal.

Of the right of the plaintiff to maintain this action, there can be no reasonable doubt.

Aside from the legal proposition that a principal may sue in his own name, although, it is not disclosed by the agent at the time of the sale, yet, there is evidence in the case to show, that the defendant recognized the plaintiff as the party with whom they were dealing. The delivery receipt signed by them, was made out in his name as principal.

The bill for the sirup was presented by plaintiff's clerk to defendants, and they promised to give a check for it.

The defendants have laid no foundation for a deduction by way of recoupment of the two cents per gallon, spoken of by the witness Davis. They made no claim for damages, but sought to avoid the sale on account of the breach of warranty. Upon this point, the decision of the court is against them, and is conclusive.

The judgment appealed from, should be affirmed, with costs.

## ERRATUM.

In the head note to the case of *Rousso* agt. *Voutrin,*
41 *Howard, page* 8, in the second paragraph, and first
line, the word "not" should be omitted. It should read
that "the plaintiff was entitled to costs."